# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES C. BANKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 7:08-CV-395-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

Plaintiff James C. Banks (hereinafter "Mr. Banks") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). [1] Mr. Banks timely pursued and exhausted his administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Banks was a 51-year-old male at the time of his hearing before the Administrative Law Judge ("ALJ"). (R. 23, 54, 141). He has a high school education. (R. 85). His past work experiences include employment as a burner in a coal mine, bathtub assembler, tree-cutter, and meter-reader. (R. 445-450). Mr. Banks claims he became disabled on May 3, 2000, due to status post Open Reduction and Internal Fixation ("ORIF") of the right ankle, mechanical back pain due to lumbar laminectomy, hypertension, and affective mood disorder. (R. 16). The onset date coincides with an on-the-job injury. (R. 140). Mr. Banks has not engaged in substantial gainful activity ("SGA") since his alleged onset date of disability of May 3, 2000. (R. 14, 16, 76, 427-29).

Mr. Banks filed his application for a period of disability and DIB on April 27, 2004. (R. 53-56). He also filed a Title XVI application for SSI on April 27, 2004. (R. 293-95). The claims were denied by the Commissioner on June 30, 2004. (R. 39-43). Mr. Banks filed a timely written request for a hearing before an ALJ on July 27, 2004, through prior counsel (R. 46) who withdrew on September 27, 2004. (R. 47).

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Mr. Banks obtained new counsel on November 9, 2004 (R. 49), and the hearing before the ALJ was held on September 15, 2006. (R. 408). The ALJ concluded that Mr. Banks was not disabled and denied his application on December 19, 2006. (R. 11).

The decision was appealed to the Appeals Council on January 23, 2007. (R. 10C-10D). The Appeals Council allowed the ALJ's decision to stand as the final decision of the Commissioner of the Social Security Administration on January 4, 2008. (R. 6-10).

Mr. Banks filed a Complaint on March 5, 2008, which asks this court to review the final decision of the ALJ. (Doc. 1). This court has carefully considered the record and reverses and remands the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d

at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 2, 2008. *See, e.g.,* 20 C.F.R. 401.5 ("Current through October 2, 2008").

is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Mr. Banks has not engaged in substantial gainful activity since the alleged onset of his disability on May 3, 2000. (R. 16). He also found that,

in combination, Mr. Banks's status post-ORIF of the right ankle, mechanical back pain due to lumbar laminectomy, hypertension, and affective mood disorder are considered "severe" based on the requirements in Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c). (R. 16-17). The ALJ then held that the medically determinable impairments, either alone or in combination, do not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (R. 17-18).

The ALJ determined that Mr. Banks's impairments prevent him from performing his past relevant work. (R. 22-23). The ALJ then concluded that Mr. Banks retains a residual functioning capacity to perform light work with additional limitations, such as moderate pain resulting in moderate concentration limitations, occasional postural limitations, occasional overhead reaching, simple tasks, and casual contact with the general public, co-workers, and supervisors.[4] (R. 18, 24).

The vocational expert ("VE") testified that Mr. Banks's past work experiences

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

are characterized by the Dictionary of Occupational Titles[5] as ranging from "heavy" and "medium" to "light" work, and were mostly "unskilled." (R. 449-50). The ALJ then posed hypothetical questions to a VE, which included considerations of Mr. Banks's capacity for sedentary work, his age, his education, and his work experience under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (hereinafter "grids"). (R. 445-52). Based on the VE's testimony, the ALJ then determined that "there are jobs that exist in significant numbers in the national economy" that Mr. Banks can perform. (R. 23). Finally, in reliance on the grids, the ALJ concluded that Mr. Banks was not under a disability from May 3, 2000, through the date of the ALJ's decision and was therefore not eligible for SSI or DIB. (R. 23-24).

## **ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672

---

[5] The Dictionary of Occupational Titles provides different examples of work activities that fall within the residual functioning capacity for medium work. (Washington, D.C.: U.S. Dept. of Labor, Employment and Training Administration: U.S. G.P.O., 1993). Available online at: http://www.occupationalinfo.org.

F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]  Mr. Banks asserts that the ALJ's findings were not supported by substantial evidence and the ALJ did not apply the correct legal standard. (Doc. 9 at 1). The Commissioner argues in response that substantial evidence does support the ALJ's decision that Mr. Banks is not disabled, and that Mr. Banks can perform the jobs the VE identified. (Doc. 10 at 6). In its review, this court agrees with Mr. Banks and finds that the ALJ's decision was not supported by substantial evidence. Therefore, the case is due to be reversed and remanded.

### I. THE ALJ'S CONCLUSION THAT MR. BANKS WAS NOT DISABLED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

Mr. Banks asserts that the ALJ's decision was not supported by substantial evidence. The ALJ has a basic obligation to develop a full and fair record. A full and fair record not only ensures that the ALJ has fulfilled his duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted).

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Furthermore, the ALJ must "take into account and evaluate the record as a whole." *See McCruter v. Bowens*, 791 F.2d 1544, 1548 (11th Cir. 1986). "It is not enough to discover a piece of evidence which supports the decision, but to disregard other contrary evidence." *Id.*

### A. The ALJ failed to adequately address Mr. Banks's multiple Global Assessment of Functioning ("GAF")[7] scores.

Mr. Banks asserts that "[a]lthough the ALJ purported to give great weight to the 'records' of Dr. Aftab (R. 22), the ALJ neglected to report [Dr. Aftab's assignment of a lower] GAF, reporting only a higher GAF on discharge from the March 2004 admission and indicating its significance per the DSM-IV (R. 21)." (Doc. 9 at 11). The Commissioner argues in response that a low GAF score "is not in and of itself determinative of disability." *See Hellman v. Barnhart*, 48 Fed. Appx. 26, 30 at n.1 (3d Cir. 2002). The case relied on by the Commissioner for this point is unpublished, and thus it is neither binding on the Eleventh Circuit nor this court. *See Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1338 (11th Cir. 2007).

---

[7] The GAF Scale (Axis V of the Multiaxial Assessment) "is for reporting the clinician's judgment of the individual's overall level of functioning. This information is useful in planning treatment and measuring its impact, and in predicting outcome...the GAF scale is divided into 10 ranges of functioning. Making a GAF rating involves picking a single value that best reflects the individual's overall level of functioning...In most instances, ratings on the GAF Scale should be for the current period..." *Diagnostic and Statistical Manual of Mental Disorders, 4th Edition*, American Psychiatric Association, 32-3 (4th ed. text revision, 2000) (DSM-IV-TR).

Therefore, *Hellman* is at most only persuasive authority. In any event, the court disagrees with the Commissioner that *Hellman* establishes that a low GAF score, which is ignored by the ALJ, is not a valid issue on appeal simply because it may not prove disability in and of itself.

Mr. Banks received treatment from Dr. Aftab at the Indian River Mental Health Center in late 2004 and early 2005. (R. 21, 263-292). Mr. Banks also received treatment for depression and withdrawal symptoms in 2004 at the Northport Medical Center. (R. 21, 155-72). The ALJ assigned significant weight to Dr. Aftab's opinions, but did not expressly establish how much weight he placed on the opinions of Northport Medical. (R. 21-22). Yet the ALJ refers to the GAF given to Mr. Banks by Northport Medical and simultaneously omits any mention of GAF scores given by Dr. Aftab. (R. 21-22). This omission is troubling to the court, especially given the fact that the GAF score of 70 given by Northport Medical is significantly greater than Dr. Aftab's assigned scores of 50 and 53. (R. 157, 271, 278). A GAF of 70 indicates "no more than slight impairment in social, occupational, or school functioning," while a GAF of 50 indicates "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, few friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders, 4th Edition*, American Psychiatric

Association, 1994, at 32-4. Moreover, the GAF of 70 was assigned to Mr. Banks upon his discharge of the treatment facility. (R. 157). It is not in the record what GAF scores, if any, were given to Mr. Banks prior to his discharge from Northport Medical in March 2004. On the other hand, Dr. Gaftab's scores of 50 and 53 were given throughout several months of treatment from late 2004 to early 2005. (R. 271, 278).

The ALJ failed to adequately address Mr. Banks's GAF scores. Notably, he gave significance to the meaning of the higher GAF score, while never clarifying on the record whether or why he accepted the GAF score of 70 over the scores of 50 and 53. "It is not enough to discover a piece of evidence which supports the decision, but to disregard other contrary evidence."  *McCruter v. Bowens*, 791 F.2d 1544, 1548 (11th Cir. 1986).

In *McCloud v. Barnhart*, the Eleventh Circuit reversed and remanded when the ALJ completely disregarded a GAF score of 48 and was unclear about the weight he afforded the claimant's GAF of 45. 166 Fed. Appx. 410, 418-20 (11th Cir. 2006). Just as in *McCloud*, the ALJ in the present case neither explained the weight he gave to the GAF score of 70 nor why he ignored the lower scores of 50 and 53. Although *McCloud* is also merely persuasive authority, the court agrees with its analysis that recognized the importance of considering or at least explaining the weight of

multiple, distinct GAF scores.[8]

Moreover, the Supreme Court has stated that "[t]he trier of fact has the duty to resolve conflicting medical evidence." *Richardson v. Perales*, 402 U.S. 389, 399 (1971). By not addressing the conflicting GAF scores in his decision, the ALJ failed to resolve a conflict between an opinion suggesting "no more than slight impairment" and another suggesting a "serious impairment." *Diagnostic and Statistical Manual of Mental Disorders, 4th Edition*, American Psychiatric Association, 1994, at 32-4. In further developing the record, it may become clear that the GAF scores of 50 and 53 merit little weight, but the court can come to no such conclusion based on the record before it at this time.

### B. Alternatively, the ALJ failed to properly frame hypothetical questions to the VE.

Mr. Banks also argues that the ALJ failed to consider Mr. Banks's impairments in combination. While the ALJ admits in his report that Mr. Banks "has the affective

---

[8] The undersigned has also rendered several decisions which relate to the ALJ's inadequate treatment of record evidence from which the analysis and disposition of this case persuasively flow. *See Roberson v. Astrue*, No. 3:07-CV-1541-VEH, (Docs. 10, 11) (N.D. Ala. June 11, 2008) (reversing and remanding under very similar circumstances where the court found that the ALJ's treatment of competing GAF scores was not adequate); *see also Seidman v. Astrue*, No. 6:07-CV-1921-VEH, (Docs. 11, 12) (N.D. Ala. June 30, 2008) (reversing and remanding where "the ALJ failed to explain why Dr. Harrison's opinion was found to be consistent with the very medical evidence that the ALJ used to conclude that [the claimant] was not disabled when Dr. Harrison used such findings to determine that [the claimant] was disabled"); *but compare Carlisle v. Astrue*, No. 3:06-CV-0983-VEH, (Docs. 11, 12) (N.D. Ala. June 5, 2007) (affirming the Commissioner's decision where the ALJ afforded little weight to an unfavorable GAF score but explained his reason for doing so).

disorder of depression" and that the evidence "clearly demonstrates that the claimant has a severe psychological impairment," the ALJ did not include any such psychological symptoms in his questions directed to the VE. (R. 21-22, 445-54). The ALJ does not expressly address the weight given to the VE's testimony. However, the ALJ does express that his conclusions were "[b]ased on the testimony of the vocational expert." (R. 24).

The Eleventh Circuit has held that "unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence." *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (citations omitted). None of the ALJ's hypothetical questions concerning ability to work and number of jobs available took all of Mr. Banks's impairments into account.

Specifically, the VE was not questioned about whether Mr. Banks's severe psychological impairments would effect his ability to perform work or cause any physical limitations. The ALJ did not include either the name or the symptoms of Mr. Banks's psychological impairments in his hypothetical to the VE, which means the VE could not have taken that "severe" impairment into account when giving her

assessment of Banks's situation. (R. 445-54).[9]  Further, the ALJ did not reference Mr. Banks's multiple GAF scores in his questions to the VE. (R. 445-54). "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Since the ALJ's hypothetical questions directed to the VE did not constitute all of Mr. Banks's impairments, the VE's opinions are not supported by substantial evidence. The ALJ expressly based his conclusion that Mr. Banks could perform substantial gainful activity in jobs that are present in significant numbers on the VE's testimony. (R. 24). Thus, as an alternative ground for remand, the court finds that the ALJ's conclusion based on the VE's testimony was not supported by substantial evidence due to the ALJ's reliance on improper hypothetical questions.

### C. Other issues raised on appeal need not be reached by the court.[10]

Because the court finds that the ALJ's determination of no disability was not based on substantial evidence for the foregoing independent reasons, the court does

---

[9] The ALJ did include in part of his questioning to the VE a reference to a hypothetical need for "casual contact" with others. However, such language neither constitutes the symptoms nor elements of Mr. Banks's psychological impairments.

[10] Mr. Banks's other grounds for reversal included the ALJ's assignment of weight to certain medical evidence which preceded one of Mr. Banks's injuries, the ALJ's assignment of weight to Mr. Banks's consultative doctors, and whether the Appeals Council erred in failing to consider new and material evidence. (Doc. 9 at 12-15).

not reach Mr. Banks's additional arguments on appeal.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision was not supported by substantial evidence. The ALJ excluded evidence which supported a finding of disability in his report, but provided no rationale for doing so. Beyond the cursory finding that all impairments were considered, the ALJ further failed to consider the combination of Mr. Banks's physical and psychological impairments when relying upon testimony from the VE and in reaching his final decision of no disability. Accordingly, the decision of the Commissioner is due to be reversed and remanded. A separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this the 21st day of October, 2008.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge